```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


FLORENCE PIANTIDOSI and           :
FRANCIS PIANTIDOSI,               :
        Plaintiffs                :
                                  :
v.                                :        3:03CV782(WWE)
                                  :
INTEGRIS GLOBAL, L.P. and         :
ANNE MARIE O'CONNOR,              :
        Defendants and            :
        Third party               :
        Plaintiffs,               :
v.                                :
                                  :
IMAGENETIX, INC. and NATURE'S     :
WORLD INTERNATIONAL, INC.         :
```

## RULING ON MOTION FOR SUMMARY JUDGMENT

Plaintiffs Florence and Francis Piantidosi bring this product liability action pursuant to Connecticut General Statutes section 52-572m, et seq., against defendants Integris Global L.P. ("Integris") and Anne Marie O'Connor based on Florence Piantidosi's injuries resulting from ingestion of an ephedra-based product called "Original Formula One" and/or "Formula One." Defendant Integris filed a third-party complaint against Imagenetix, Inc. and Nature's World International, Inc. for indemnity and contribution.

Defendants move for partial summary judgment. Third-party defendant Imagenetix moves for dismissal of the claims for contribution and indemnity by Integris and O'Connor. For the

1

following reasons, the motion for partial summary judgment will be granted, and the motion to dismiss will also be granted.

## Factual Background

The parties have submitted statements of facts supported by affidavits and exhibits. These submissions reveal the following undisputed facts.

Plaintiff Florence Piantidosi is a Connecticut resident who suffered from a subarachnoid hemorrhage, which she asserts was caused by her ingestion of an ephedra-based dietary supplement, Original Formula One, that she had purchased in 1998 from defendant Anne Marie O'Connor. Original Formula One and/or Formula One was manufactured and distributed by a company known as Alliance U.S.A., Inc.

Integris Corporation was incorporated on August 21, 1996 in Nevada. The original board of directors for Integris Corporation was composed of W.R. Kellas, Ph.D., Maryann Cohee, Larry Cantrell and David Nelson, M.D. Integris Corporation subsequently became a wholly owned subsidiary of plaintiff Integris.

Mr. Cantrell is now the president of Integris Global Management, L.L.C., which is the general partner of Integris. From 1993 through 1996, Mr. Cantrell worked for Alliance U.S.A. in various positions, including director of marketing.[1] In early

---

[1] Between 1993 and 1996, the principals behind Alliance U.S.A. were Royce McCoy, Steve Ebsen and Thino Cacciolo.

1996, he left Alliance to become a market consultant to Protective Technologies in Salt Lake City, Utah, which he left to form Integris Corporation.  He was never a shareholder of Alliance U.S.A.

Neither Integris nor Integris Corporation acquired assets from Alliance, which filed a Chapter 7 bankruptcy proceeding in April 1999.  None of Alliance's principals ever served as members or shareholders of Integris Corporation.

Prior to 1999, Integris did not distribute any product containing ephedra.  However, in early 1999, Integris contacted Imagenetix regarding development of an ephedra-based product.  Thereafter, Imagenetix developed the formula for Ignite Plus, the ephedra-based product that was later distributed by Integris.  Nature's World International manufactured the product for Imagenetix.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. <u>American International Group, Inc. v. London American International Corp.</u>, 664 F. 2d 348, 351 (2d Cir. 1981).  In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).  If a nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, then summary judgment is appropriate. <u>Celotex Corp.</u>, 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. <u>Anderson</u>, 477 U.S. at 249.

<u>Claims Related to Integris as Product Seller or Successor Corporation</u>

To the extent that the complaint alleges a product liability cause of action relevant to Ignite Plus, the Court will grant summary judgment in favor of defendants Integris and O'Connor. Paragraph 12 of the amended complaint asserts that Mrs. Piantidosi ingested "Formula One and/or Original Formula One." However, the evidence demonstrates that Mrs. Piantidosi did not purchase Ignite Plus from O'Connor.

Defendant Integris is not a "product seller" of Original Formula One as required for an assessment of liability pursuant

4

to Connecticut General Statutes section 52-572m(a).[2]  There is no evidence that defendant Integris distributed, sold, manufactured or held itself out as a manufacturer of Original Formula One or Formula One.  No evidence supports plaintiffs' implication that the Integris and Original Formula One and Formula One are identical.  There is no support for plaintiffs' contention that either Integris or O'Connor were involved with the formulation, production, encapsulation, or labeling of Original Formula One and/or Formula One.

Plaintiff argues that Integris is liable under the product line continuation theory, which operates as an exception to the general rule against successor liability.  Connecticut courts recognize the general rule that "a corporation which purchases all of the assets of another does not become liable for the debts and liabilities of its predecessor unless (1) the purchase agreement expressly or implicitly so provides; (2) there was a merger or consolidation of the two firms; (3) the purchaser is a mere continuation of the seller; or (4) the transaction is

---

[2]Section 52-572m(a) defines a "product seller" as "any person or entity, including a manufacturer, wholesaler, distributor or retailer. . . engaged in the business of selling the product.  The term "product seller" also includes lessors or bailors of products who are engaged in the business of leasing or bailment of products."  Section 52-572m(e) defines a "manufacturer" as "product sellers who design, assemble, fabricate, construct, process, package or otherwise prepare a product or component part of a product prior to its sale to a user or consumer.  It includes a product seller or entity not otherwise a manufacturer that holds itself out as a manufacturer."

entered into fraudulently for the purpose of escaping liability." Ricciardello v. J.W. Gant & Company, 717 F.Supp. 56, 58 (1989). The "product line" exception applies (1) "where one corporation acquires all or substantially all the manufacturing assets of another corporation," (2) "undertakes essentially the same manufacturing operation as the selling corporation," and benefits from the good will of the transferor. Ramirez v. Amsted Industries, 86 N.J. 332, 358 (1981); see Peglar & Associates, Inc. v. Professional Indemnity Underwriter Corp., 2002 WL 1610037 (Conn. Super. 2002) (Connecticut courts have recognized product line exception).

    However, fatal to plaintiff's theory of liability is the lack of evidence that defendant Global has acquired all or substantially all of Alliance's assets and is therefore its successor.  There is no evidence that Integris purchased any assets from Alliance, that any of the Alliance principals became shareholders or directors of Alliance, or that Integris benefitted from the goodwill of Alliance.  Accordingly, the Court will grant summary judgment on plaintiffs' claim against Integris based on a theory of product line continuation.  Plaintiffs should amend the complaint to remove all reference to Ignite Plus and Integris.

### Third Party Complaint Against Imagenetix and Nature's World International

Third-party defendant Imagenetix moves for dismissal of Integris' claims for contribution and indemnity.  Since summary judgment will be granted in favor of defendant Integris, Integris' claims for contribution and indemnity are moot.  Accordingly, the Court will grant Imagenetix's motion to dismiss, and will <u>sua sponte</u> dismiss Integris' third-party complaint against Nature's World International, Inc., for contribution and indemnity.

### Punitive Damages Against O'Connor

Defendants argue that plaintiffs cannot satisfy the requisite proof for an award of punitive damages in a product liability action.  Plaintiffs counter that the evidence gives rise to an inference that O'Connor conspired with Integris to conceal the actual identity of the drug ingested and that she recklessly disregarded safety warnings about dietary supplements such as Original Formula One.

Connecticut General Statutes section 52-240b provides:

> Punitive damages may be awarded if the claimant proves that the harm suffered was the result of the product seller's reckless disregard for the safety of product users, consumers or others who were injured by the product.  If the trier of fact determines that punitive damages should be awarded, the court shall determine the amount of such damages not to exceed an amount equal to twice the damages awarded to the plaintiff.

7

Plaintiffs base their assertion of conspiracy upon a conversation between O'Connor and Francis Collins, an attorney representing plaintiffs, held in 2001 prior to the filing of this action. However, the evidence related to this conversation raises no inference that defendant O'Connor made any misrepresentations, or that she conspired with Integris to conceal facts from plaintiffs. No evidence suggests that Mr. Collins asked plaintiff to research her records as to which product she had sold to plaintiff. She informed him of what dietary supplement she was selling at the time of conversation. Accordingly, the Court will grant summary judgment on plaintiffs' theory that defendant O'Connor conspired to frustrate plaintiffs' attempt to recover damages.

Plaintiffs also argue that defendant O'Connor's ignorance of numerous FDA warnings relative to Ephedra-based products such as Original Formula One and/or Formula One gives rise to an inference of reckless disregard of the safety of others. Defendant has admitted that she was not aware of the relevant safety advisories. Plaintiffs' claim of reckless disregard is weakened by defendant's deposition testimony that she always advised her clients to consult with their doctors about her products. Nevertheless, the inferences of fact must be construed most favorably to the plaintiffs, the non-moving party, and therefore, the Court will allow the jury to consider whether

plaintiffs are entitled to punitive damages based on defendant's alleged reckless disregard of the safety of others.

## Conclusion

For the foregoing reasons, the motion for summary judgment is GRANTED [#80] as to defendant Integris, and DENIED as to the punitive damages claim against defendant O'Connor.  Imagenetix's motion to dismiss [#72] is GRANTED.  The Court dismisses <u>sua sponte</u> the third-party complaint against Nature's World International.  Plaintiffs are instructed to amend their complaint consistent with this Ruling within 21 days of this Ruling's filing date.

**SO ORDERED, this \_\_\_th day of November, 2005, at Bridgeport, Connecticut.**

_____
WARREN W. EGINTON
SENIOR U.S. DISTRICT JUDGE